**Vinko K. GOJCAJ, Petitioner,**

v.

**John ASHCROFT, Attorney
General, Respondent.**

No. 02–71622.

United States Court of Appeals,
Ninth Circuit.

Submitted March 15, 2004.*

Decided March 30, 2004.

Before B. FLETCHER, WARDLAW,
and CLIFTON, Circuit Judges.

### MEMORANDUM **

Vinko K. Gojcaj, a native of the republic of Montenegro and citizen of the Federal Republic of Yugoslavia, petitions pro se for review of the Board of Immigration Appeals' ("BIA") summary affirmance of an immigration judge's ("IJ") denial of his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252(b)(2).[1] We grant the petition for review in part, deny in part, and remand for further proceedings.

Substantial evidence does not support the IJ's finding that Gojcaj lacks a well-founded fear of future persecution based on the military's improper recruiting of Albanians, and the physical mistreatment Gojcaj suffered. *See Hoxha v. Ashcroft*, 319 F.3d 1179, 1182 (9th Cir.2003) (stating that where the degree of persecution against a group is great, the level of individualized persecution may be less).

We therefore remand this matter to the BIA for a determination, accepting Gojcaj established a well-founded fear of future persecution, whether Gojcaj is otherwise eligible for asylum or withholding of removal, and for the exercise of discretion whether to grant his application. *See INS v. Ventura*, 537 U.S. 12, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

Finally, Gojcaj's CAT claim fails because he has not shown that it is more likely than not that he will be tortured if returned to Montenegro. *See Malhi v. INS*, 336 F.3d 989, 993 (9th Cir.2003)

**PETITION GRANTED in part, DENIED in part, and REMANDED.**

**Jesus Alejandro GUZMAN–
MOLINA, Petitioner,**

v.

**John ASHCROFT, Attorney**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. Respondent's August 6, 2003 motion to va-

**622**

**General,\* Respondent.**

**No. 02–71728.**

United States Court of Appeals,
Ninth Circuit.

Submitted March 15, 2004.\*\*

Decided March 31, 2004.

Jesus Alejandro Guzman–Molina, Baldwin Park, CA, pro se.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, OIL, John J. Andre, Esq., Audrey B. Hemesath, U.S. Department of Justice, Office of Immigration Lit., Washington, DC, for Respondent.

Before: B. FLETCHER, LEAVY, and WARDLAW, Circuit Judges.

MEMORANDUM \*\*\*

Jesus Alejandro Guzman–Molina, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") summary affirmance of an immigration judge's ("IJ") denial of his application for cancellation of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition for review.

We have jurisdiction to review whether Guzman–Molina established the requisite ten-years of continuous physical presence, *Montero–Martinez v. Ashcroft*, 277 F.3d 1137, 1144 (9th Cir.2002); *Kalaw v. INS*, 133 F.3d 1147, 1152 (9th Cir.1997), and conclude that substantial evidence supports the IJ's determination, *see* 8 U.S.C. § 1229b(b)(1)(A).

Guzman–Molina's equal protection challenge to the Nicaraguan and Central American Relief Act ("NACARA") is foreclosed by our decision in *Jimenez–Angeles v. Ashcroft*, 291 F.3d 594, 602–03 (9th Cir. 2002) ("Congress's decision to afford more favorable treatment to certain aliens 'stems from a rational diplomatic decision to encourage such aliens to remain in the United States' "). Guzman–Molina's due process challenge to NACARA also fails. *See Hernandez–Mezquita v. Ashcroft*, 293 F.3d 1161, 1165 (9th Cir.2002) (rejecting a due process challenge because petitioner failed to demonstrate that he was deprived of a qualifying liberty interest).

Guzman–Molina's constitutional challenge to the BIA's streamlining regulations is foreclosed by *Falcon Carriche v. Ashcroft*, 350 F.3d 845, 850–51 (9th Cir. 2003).

The Clerk is directed to stay the mandate pending the resolution of *Desta v. Ashcroft*, 03–70477, and further order of this Court.

**PETITION FOR REVIEW DENIED.**

---

cate the stay of proceedings is granted.

\* The court sua sponte changes the docket to reflect that John Ashcroft, Attorney General, is the proper respondent. The Clerk shall amend the docket to reflect the above caption.

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.